UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| VASILIY A. BLAGODARSKIY<br>d/b/a BIGFOOT ELCTRO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER DIAMOND,<br><br>Defendant. | 2:21-CV-35 |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 2] and all issues connected thereto. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85(1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To that end, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, *supra*. An affidavit to

proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application indicates that Plaintiff works in sales for ContractRecruiter.com and earns a net monthly salary of $ 2,863.00. The application further indicates that Plaintiff netted approximately $4,000.00 over the past twelve months working for EventBrite. Plaintiff possesses two checking accounts with a combined balance of $ 1,365.38 and owns $800.00 in personal property. Plaintiff owns a home valued at $225,000.00 and a vehicle valued at $11,700.00 for which he makes monthly payments. Plaintiff 's total monthly obligations, including house and car payments, amount to $4630.00. Plaintiff avers that he possesses $237,615.08 in assets (inclusive of his home) but owes $284,678.00 in liabilities. It appears to the Court that petitioner's liabilities exceed his assets, and his monthly obligations slightly exceed his monthly income. Despite the fact that petitioner may have placed himself in a financially untenable position, it is not one that in any way evidences poverty.

Based on Plaintiff's short-form affidavit, the Court finds that Plaintiff has sufficient funds to afford payment of the costs and if he doesn't, it is not as a result of poverty. Accordingly,

**RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 2] be **DENIED**.[1]

              Respectfully Submitted,

              s/ Cynthia Richardson Wyrick
              UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) and (C).